**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| UNIFRAX I LLC, | ) ) | |
| Defendant. | ) | |

<u>**COMPLAINT**</u>

Plaintiff E. I. du Pont de Nemours and Company ("DuPont") brings this Complaint for

patent infringement against Unifrax I LLC ("Unifrax") and alleges as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is an action for patent infringement arising under the patent laws of the

United States, including 35 U.S.C. § 271 and §§ 281-285.

2.      This lawsuit pertains to Unifrax's infringement of U.S. Patent Number 8,607,926

(the "'926 Patent"), entitled "COMPOSITE FLAME BARRIER LAMINATE FOR A

THERMAL AND ACOUSTIC INSULATION BLANKET."

<u>**PARTIES**</u>

3.      Plaintiff DuPont is a corporation organized and existing under the laws of the

state of Delaware, with a principal place of business located at 1007 Market Street, Wilmington,

Delaware 19898.  DuPont is a world leader in science innovation in markets including

agriculture and food, building and construction, electronics and communications, general

industry, and transportation.  DuPont is a leading supplier of thermal insulating blankets for the

aerospace and mass transportation industry.

4.      Defendant Unifrax I LLC is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 600 Riverwalk Parkway, Suite 120, Tonawanda, New York 14150.  Upon information and belief, Unifrax produces high-temperature insulation products.

## JURISDICTION AND VENUE

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a).

6.      This Court has personal jurisdiction over Unifrax, including because Unifrax is incorporated in Delaware and maintains substantial, continuous, and systematic contacts in Delaware.

7.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391, §1400(b).

## FACTUAL BACKGROUND

8.      DuPont is the owner, by assignment, of all rights, title, and interest in the '926 Patent.  Inventors Llewellyn Bently Richardson, III and Dariusz Wlodzimierz Kawka filed their application for the '926 Patent on December 14, 2011. The '926 Patent was fully examined by the United States Patent Office and was duly and legally issued on December 17, 2013.  A true and correct copy of the '926 Patent is attached as Exhibit A.

### COUNT I – INFRINGEMENT
### OF UNITED STATES PATENT NO. 8,607,926 AGAINST
### DEFENDANT UNIFRAX

9.      DuPont restates and realleges each of the assertions set forth in Paragraphs 1 through 8 above.

10.     Upon information and belief, Unifrax's manufacture, use, offers to sell, and sale of vermiculite-containing composite flame barrier laminates for use in thermal acoustic blankets, infringe at least one claim of the '926 Patent.

11.     DuPont is entitled to recover from Defendant the damages sustained by DuPont as a result of Defendant's wrongful acts in an amount subject to proof at trial, including lost profits and an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

12.     The infringement by Defendant of the '926 Patent will continue to cause DuPont irreparable injury and damage for which there is no adequate remedy at law unless and until Defendant is enjoined from infringing said patent.

## PRAYER FOR RELIEF

WHEREFORE, DuPont respectfully requests that the Court enter judgment in its favor against Defendant, granting the following relief:

a.     An adjudication that Defendant has infringed one or more claims of the '926 Patent literally and/or under the doctrine of equivalents;

b.     A grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and its agents, servants, officers, directors, employees, affiliated entities, and all persons in active concert or participation with it from continued infringement of the '926 Patent;

c.     An award to DuPont of damages adequate to compensate DuPont for Defendant's acts of infringement of the '926 Patent;

d.     An award to DuPont equal to any profits that Defendant gained from its infringement of the '926 Patent;

e.     An award of prejudgment and post-judgment interest on all sums awarded;

f.      A post-verdict and post-judgment accounting for any infringement of the '926 Patent not otherwise covered by a damages award and the requested injunctive relief; and

g.      Any such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DuPont respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Adam K. Mortara
Katharine A. Roin
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60654
Tel:  (312) 494-4400
adam.mortara@bartlit-beck.com
kate.roin@bartlit-beck.com

Dated:  October 1, 2014
1167480 / 20120-689

By:   */s/ Richard L. Horwitz*
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        bpalapura@potteranderson.com

*Attorneys for Plaintiff*
*E. I. du Pont de Nemours and Company*