IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| E.I. DUPONT DE NEMOURS AND COMPANY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 14-1250-RGA |
| | : | |
| UNIFRAX I LLC, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Plaintiff filed this patent infringement action on October 1, 2014. Defendant has filed a counterclaim that includes three counts based on Plaintiff's purported bad faith in bringing the lawsuit and telling Defendant's customer(s) about the lawsuit. (D.I. 14).

To be specific – Defendant alleges conclusorily that it does not infringe the asserted patent. (CC I). Defendant alleges that the asserted patent is invalid for multiple reasons – as anticipated and obvious in view of one identified piece of prior art, which Plaintiff had cited in a related patent application, and which had resulted in a non-final rejection of the claims of the related patent application; that the asserted patent is invalid for lack of written description, conclusorily alleged; and that the asserted patent is invalid for lack of definiteness, specifying conclusorily two reasons for that allegation. (CC II). Defendant alleges that Plaintiff violated Delaware common law unfair competition based on Plaintiff's "bad faith" in filing the lawsuit and communicating the fact of the filing to Defendant's customer and the customer's customer. (CC III). Defendant alleges that Plaintiff violated the Delaware Deceptive Trade Practices Act by "misrepresent[ing]" the scope of the asserted patent and the characteristics of Defendant's

product to Defendant's customer's customer. (CC IV). Defendant alleges that Plaintiff has tortiously interfered with Defendant's contract with its customer by communicating with the customer about the litigation. (CC V).

Plaintiff moves to dismiss CC III, IV, and V. (D.I. 16). The motion has been fully briefed. (D.I. 17, 29, 35; *see also* D.I. 39 & 41). The gist of the briefing is that the counterclaims do not meet the *Iqbal/Twombly* standard. The disputes boil down to (1) whether Defendant has to meet the fraud-pleading-with-particularity standard of Fed. R. Civ. P. 9(b); and, (2) in any event, whether the pleading is sufficient under the Rule 8 standard. Defendant does briefly argue that it meets the Rule 9(b) standard (D.I. 29, p. 15), but plainly its allegations do not comply with Rule 9(b). Therefore, it seems straightforward to me to dismiss CC IV, which involves "deceptive trade practices" and allegations of misrepresentation. CC IV sounds in fraud.

As for the other two counts, I do not think they sound in fraud. They allege "bad faith" and, indeed, that "bad faith" would be consistent with the allegations. That is, Defendant says Plaintiff knows it has an invalid patent and (to boot) knows that Defendant does not infringe it, and nevertheless brings the lawsuit anyhow. I do not think Defendant has to allege "bad faith" as a "state of mind" any more specifically than it has done. *See* Fed. R. Civ. P. 9(b). Nevertheless, I do not think that is the end of the matter.

In order for Defendant's state law claims not to be preempted, Defendant has to prove not only whatever Delaware law requires to make out the claims, but also that the lawsuit was brought in bad faith. *See Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004). This requires proof that the infringement claims were objectively

baseless and that they were brought in subjective bad faith.[1] As Plaintiff points out, if all that were necessary to bring state law counterclaims was an allegation of invalidity and/or non-infringement, with an allegation of "bad faith," one would expect to see these sorts of counterclaims in most patent litigation. I do not think, in light of *Therasense*, admittedly dealing with a different defense, that the pleading standard is as insubstantial as Defendant suggests. Essentially, on the issue of objective baselessness, Defendant has named a piece of prior art, but done nothing more with it. Stating that a PTO Examiner has "non-final" rejected a different patent on the basis of the piece of prior art does not add plausibility to the counterclaim.

Thus, I will dismiss CC III and V also for failure to state a claim.

The motion to dismiss (D.I. 16) is **GRANTED**. As Defendant has requested leave to amend, Defendant has two weeks from the date of this Memorandum Order to file an amended answer.

IT IS SO ORDERED this 5 day of August 2015.

United States District Judge

---

[1] As noted, I think the state of mind of "bad faith" can be alleged generally. That being said, I am puzzled by Defendant's reliance on the PTO's non-final rejection of the related patent application on November 19, 2014 (*see* D.I. 29, Exh. B, at 1), that is, after this lawsuit was filed, as a basis for alleging bad faith in bringing the lawsuit.