Case 1:14-cv-01250-RGA   Document 157   Filed 06/14/16   Page 1 of 2 PageID #: 2094

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DUPONT DE NEMOURS AND COMPANY, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 14-1250-RGA |
| UNIFRAX I LLC, | : |
| Defendant. | : |

**ORDER**

I have reviewed the parties' further filings in regard to the claim of attorney-client privilege as it relates to communications between Ken Miller and Lamart employees relative to "Unifrax's 3G11 Barrier Film." (D.I. 155, 156). In my opinion, Mr. Miller's communications with Mr. Curatolo, a lawyer, were protected by the attorney-client privilege. Further, to the extent Mr. Miller communicated with other Unifrax employees to provide the requested information to Mr. Curatolo, there should be no question that such communications were also protected by the attorney-client privilege. The issue is that Mr. Miller also communicated with Lamart employees to provide the requested information. The record shows that Mr. Curatolo asked Mr. Miller "to review the draft [of the non-infringement opinion] and to make any changes necessary to ensure the accuracy of its contents," "which detailed the composition and manufacturing process of Unifrax's flame barrier product . . . ." (D.I. 155, Exh. D, ¶ 4). In response, Mr. Miller advised Mr. Curatolo that he needed to consult with certain technical employees, including employees at Lamart, in order to provide the requested verification. (*Id.* ¶ 5). Although not explicitly stated, I infer that Mr. Curatolo at least impliedly authorized the

communications, since Mr. Miller went ahead and made the communications. The record further shows that Lamart and Unifrax were engaged in a joint venture concerning the accused product. (D.I. 148, Ex. B). Questions about whether the accused product infringes a DuPont patent, and efforts by Unifrax to show that it does not, both implicate the identical legal interests, and, therefore, I think the common interest privilege protects the communication.

Thus, Unifrax may claw back the privileged document inadvertently produced by Lamart, and DuPont's waiver argument is rejected.

IT IS SO ORDERED this 14 day of June 2016.

*/s/ Richard G. Andrews*
United States District Judge