IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DUPONT DE NEMOURS<br>AND COMPANY, | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :    Civil Action No. 14-1250-RGA |
| UNIFRAX I LLC, | :<br>:<br>: |
| Defendant. | : |

**MEMORANDUM ORDER**

Defendant has moved for leave to file a third amended answer and counterclaims. (D.I. 165). Plaintiff opposes, and the matter has been briefed.

The amended scheduling order provided a deadline for amendment to pleadings "including any amendment to [Defendant's] Counterclaims" of December 15, 2015. (D.I. 69). The instant motion was filed on July 8, 2016. Thus, as the parties both agree (D.I. 165, p.5; D.I. 169, p.9), Defendant has to show "good cause" in order to be allowed to amend its pleadings after the deadline provided for by the scheduling order. Plaintiff's opposition to the motion is based solely on the argument that Defendant has not shown good cause.

The new counterclaim in the proposed pleading is that the asserted patent is unenforceable due to inequitable conduct. (D.I. 165-5, pp. 9-16). Defendant's counterclaim is that there was a third inventor, Dr. Chu, whose existence was concealed by the inventors. The merits of the counterclaim are not at issue for purposes of this motion.

Defendant argues that it had no basis for the counterclaim until Dr. Chu was deposed on May 31 and June 15, 2016.

Dr. Chu was first issued a document subpoena on May 3, 2016, by Plaintiff. (D.I. 130). But his name had been in the case for a much longer time. On February 9, 2015, Plaintiff had identified Dr. Chu as a person who "may have knowledge relating to manufacturing of any DuPont products embodying the [asserted] patent." (D.I. 165-1, p.4). In the same pleading, Plaintiff identified the two inventors as persons who "may have knowledge relating to the conception, design, development, and reduction to practice of the inventions disclosed in [the asserted patent]." (*Id.*, p.2). I think it is fair to say that the "initial disclosures" do not suggest Dr. Chu as a person who was involved in the invention.

I note that Plaintiff initially did not assert a conception and reduction to practice date before the filing date of December 14, 2011. (D.I. 171, Exh. H). On June 30, 2015, Plaintiff asserted a priority date of December 2009. (*Id.*). It appears that as of January 26, 2016, Plaintiff had not fleshed out in any meaningful way what its conception and reduction to practice theory was, and which documents supported that theory. (*Id.*, Exh. I).

Nevertheless, Plaintiff points to various emails that were produced in discovery on June 25, 2015. (D.I. 169, pp. 4-5). Defendant responds that while those emails showed some involvement of Dr. Chu and his employer "in regards to developing a flame barrier laminate," they did not show anything that would suggest Dr. Chu was an inventor. I have looked at the emails and other documents. (D.I. 169, Exh. 4 (email chain ending Nov. 6, 2009); Exh. 5 (Jan. 22, 2010 notes); Exh. 6 (undated slide deck, said to be Aug. 16, 2010); Exh. 7 (Feb. 1, 2009, NDA); Exh. 8 (Aug. 28, 2009 email); Exh. 9 (Aug. 20, 2010 recap of a dinner conversation); Exh. 12 (email chain ending Dec. 17, 2009 (including references to "their BT barrier" and "their prototypes")); Exh. 13 (Jan. 4, 2010 email ("we were able to laminate PEEK with the "A" primer")); Exh. 14 (attachment to Exh. 13)).

From my review of the documents that Plaintiff identifies, it seems to me that what they disclose is Dr. Chu being involved in testing and experimentation at Plaintiff's direction and request. Plaintiff states, "[Defendant's] substantive allegations are not only quite serious, but are also contrary to Dr. Chu's testimony and/or documents [Defendant] used in his deposition." (D.I. 169, p.13 n.3). I would tend to agree with Plaintiff that the cited documents do not support the proposed counterclaim. Perhaps this will be a problem for Defendant down the road, but, at this juncture, it does support Defendant's argument that Defendant has good cause not to have asserted the counterclaim until Dr. Chu was deposed, and provided the basis upon which Defendant now relies. I do not think the cited documents put Defendant on notice that Dr. Chu was an important witness. Defendant's motion for leave to amend followed without undue delay after Dr. Chu's deposition was concluded. Therefore, I find good cause and will grant Defendant's motion.

Defendant's motion for leave to file a third amended answer and counterclaims (D.I. 165) is **GRANTED**. IT IS SO ORDERED this 7 day of October 2016.

_Richard G. Andrews_
United States District Judge