IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

E.I. DUPONT DE NEMOURS AND
COMPANY,

          Plaintiff,

v.

UNIFRAX I LLC,

          Defendant.

Civil Action No. 14-1250-RGA

## Memorandum Order

Plaintiff seeks to preclude Defendant from arguing that the patent-in-suit is anticipated or rendered obvious by Defendant's FyreWrap Combi-Film 3G5 ("3G5") and/or Jehier's Terflame 30 ("Terflame 30") because Defendant failed to timely disclose these arguments. (D.I. 276). I agree.

While Unifrax may argue that 3G7 anticipates the patent-in-suit, it does not follow that Unifrax can argue that 3G5 alone anticipates or renders obvious the patent-in-suit even though 3G5 is a component of 3G7. Unifrax should have specifically disclosed in its invalidity contentions its intention to argue that 3G5 alone anticipates or renders obvious the patent-in-suit. *See Carrier Corp. v. Goodman Global, Inc.*, 64 F. Supp. 3d 602, 620 (D. Del. 2014). It did not do so. (D.I. 280-1 at 105–17). Dr. Haber's report fails to cure this deficiency because he does not argue that 3G5 alone anticipates or renders obvious the patent-in-suit. (*See* D.I. 280-1 at 6–8). There is substantial prejudice to Plaintiff from Unifrax's late disclosure because DuPont's expert has not assessed 3G5 as potentially invalidating art and DuPont is prevented fact discovery or deposing Unifrax's expert on this issue. To be clear, I am not barring Unifrax from showing that 3G5 is a layer of 3G7. I am barring Unifrax from putting on 3G5 evidence or

1

argument for the purpose of demonstrating that the patent-in-suit is anticipated or rendered obvious by 3G5 itself.

It is not disputed that Unifrax may use Terflame 30 for the purpose of showing the state of the art and that there was no unmet need around the time of the alleged invention. (D.I. 284 at 2). The issue is whether Unifrax may argue or use Terflame 30 for the purpose of showing that it anticipates or renders obvious the patent-in-suit. While Unifrax may argue that "Mormont prior art" anticipates the patent-in-suit, it does not follow that Unifrax can argue that Terflame 30 anticipates or renders obvious the patent-in-suit just because Terflame 30 is an embodiment of Mormont. Unifrax should have specifically disclosed in its invalidity contentions that Terflame 30 anticipates or renders obvious the patent-in-suit. Mr. Haber's report falls short of putting Plaintiff on notice that Unifrax intends to make such an argument. Dr. Morgan's admission that Terflame 30 is related to the Mormont prior art is not enough to cure this issue. There is also substantial prejudice to Plaintiff from Unifrax's late disclosure because it prevents Plaintiff's expert from assessing Terflame 30 as potentially invalidating art and from collecting fact discovery or deposing Unifrax's expert on this issue. I thus bar Unifrax from putting on Terflame 30 evidence or argument for the purpose of demonstrating that the patent-in-suit is anticipated or rendered obvious by Terflame 30 specifically.

Plaintiff's Motion to Preclude Argument and Evidence Related to Prior Art Disclosed on April 11, 2017 is **GRANTED** to the extent discussed above.

It is **SO ORDERED** this $\underline{5}$ day of May, 2017.

*Richard G. Andrews*
United States District Judge

2