IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

E.I. DUPONT DE NEMOURS AND
COMPANY,

            Plaintiff,

   v.

UNIFRAX I LLC,

            Defendant.

Civil Action No. 14-1250-RGA

## Memorandum Opinion

Richard L. Horwitz, Esq., David E. Moore, Esq., Bindu A. Palapura, Esq., Stephanie E. O'Byrne, Esq., POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; Adam K. Mortara, Esq., Christopher D. Landgraff, Esq. (argued), Christopher R. Hagale, Esq. (argued), Sharon Desh, Esq. (argued), BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP, Chicago, Illinois.

Attorneys for Plaintiff

Frederick L. Cottrell, III, Esq., Kelly E. Farnan, Esq. (argued), Jason J. Rawnsley, Esq., Katharine L. Mowery, Esq., RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware; Joseph G. Curatolo, Esq., Salvatore A. Sidoti, Esq., CURATOLO SIDOTI CO. L.P.A., Cleveland, Ohio; Jake M. Holdreith, Esq. (argued), David A. Prange, Esq., Alyssa N. Lawson, Esq. (argued), ROBINS KAPLAN LLP, Minneapolis, Minnesota.

Attorneys for Defendant

May 5, 2017

1

**ANDREWS, U.S. DISTRICT JUDGE:**

This memorandum addresses the following summary judgment motions: (1) Defendant Unifrax I LLC's Motion for Summary Judgment of Non-Infringement or Alternatively of Invalidity (D.I. 183); (2) Plaintiff's Motion for Leave to File an Amended Complaint (D.I. 243); and (3) Plaintiff's Amended Motion to Dismiss and for Summary Judgment (D.I. 259). I reviewed all the briefing for these motions. I held oral argument on April 18, 2017. (D.I. 282 ("Tr.")).

## I. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED. R. CIV. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## II. DISCUSSION

### A. Defendant's Motion for Summary Judgment of Non-Infringement or Alternatively of Invalidity

Defendant moves for summary judgment of non-infringement arguing that (1) there is no direct infringement because Defendant's accused product does not contain a layer of 100% platelets as required by the asserted claims and (2) Plaintiff's indirect infringement claims fail. (D.I. 184).

There are genuine disputes of material fact as to whether Defendant's accused product contains a layer of 100% platelets as required by the asserted claims. For example, there is a genuine dispute of material fact as to whether DEHESIVE 480, which the 3G11 product uses, is a silicone resin or carrier. (*See, e.g.*, D.I. 215 at SOF 10–16). There is a genuine dispute of material fact as to whether silane is a silicone resin or carrier. (*See, e.g., id.* at SOF 17–20). Thus, summary judgment is denied as to Plaintiff's direct infringement claims.

3

Plaintiff conceded its indirect infringement claims. (*Id.* at p. 21 n.5; Tr. 33:24–34:14). Thus, summary judgment is granted as to Plaintiff's indirect infringement claims.

Defendant also move for summary judgment of invalidity arguing that Mormont anticipates the asserted patent claims. (D.I. 184). There is a genuine dispute of material fact as to whether Mormont discloses the use of silicones such as PDMS. (*See, e.g.*, D.I. 215 at SOF 21–23). Thus, summary judgment is denied as to invalidity.

### B. Plaintiff's Motion for Leave to File an Amended Complaint

Plaintiff seeks to amend its complaint to add the claim for willful infringement. (D.I. 244 pp. 6–7). The amended scheduling order set the deadline to amend pleadings in this action on December 15, 2015. (D.I. 69). The Supreme Court decided *Halo Electronics, Inc. v. Pulse Electronics, Inc.* 136 S. Ct. 1923 (2016), on June 13, 2016. Plaintiff filed its motion for leave to amend on January 26, 2017. (D.I. 243).

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Harris v. FedEx Nat. LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014). *See also E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) ("We conclude that the District Court acted well within its discretion when it denied [the] motion to amend the complaint six months after the amendment and joinder deadlines had expired, and we will not disturb the Court's ruling in this regard.").

Plaintiff fails to show that it was diligent in meeting my December 15, 2015 deadline. Here, Plaintiff should have known that they had a potential willfulness claim as of March 2015. (D.I. 245, Exh. 3 (Unifrax stating that "it first became aware of the '926 Patent on January 28, 2014.")). More significantly, Plaintiff thought it had a potential willfulness claim as of April 2015. In its April 17, 2015 initial infringement contentions, DuPont stated, "Unifrax's

4

infringement is willful, as it was aware of the DuPont patent well before the filing of this action, and it had or has no good faith basis for continuing to infringe." (D.I. 245, Exh. 5). Given that Plaintiff seems to have been in possession of the facts essential to bring a willfulness claim well prior to the amendment deadline established by the scheduling order, there is no diligence here. *See Samick Music Corp. v. Delaware Music Indus., Inc.*, 1992 WL 39052, at *7 (D. Del. Feb. 12, 1992). Thus, Plaintiff could have sought leave to amend before the scheduling order deadline. Perhaps Plaintiff thought the pre-*Halo* willfulness standard was too great, and made a judgment not to pursue willfulness. *Halo* changed the law to its present state in June 2016. Plaintiff then chose to wait seven months from the time *Halo* issued to file Plaintiff's motion to amend. Plaintiff does not offer a convincing excuse for its lack of diligence.

Plaintiff suggests that Defendant's informal notice of its willfulness claim excuses Plaintiff's delay in bringing this motion. (D.I. 254 at p. 4). I do not agree. An allegation of willfulness in infringement contentions is not a substitute for the complaint. I do not see any evidence that either party treated the infringement contention as an informal amendment of the complaint.

Plaintiff argues that Federal Rule of Civil Procedure 15 governs instead of 16(b)(4) (D.I. 254 at p. 9), but that argument fails. *See* Fed. R. Civ. P. 16(b)(4); *E. Minerals*, 225 F.3d at 340. Plaintiff argues that Delaware Local Rule 16.3(c)(11) permits Plaintiff to circumvent the Federal Rule of Civil Procedure 16(b)(4) standard (D.I. 254 at p. 9), but that argument also fails. *See* Del. Local Rule 16.3(c)(11) (stating merely that the proposed pretrial order should include "amendments of the pleadings desired by any party with a statement whether it is unopposed or objected to and, if objected to, the grounds therefore").

Plaintiff argues that paragraph fifteen of my scheduling order, in requiring the parties to address Local Rule 16.3(c), renders inapplicable Federal Rule of Civil Procedure 16(b)(4) (D.I. 254 at p. 9), but that is not a fair reading of my scheduling order. The relevant language in the scheduling order provides: "The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the respective final pretrial conference." (D.I. 21 ¶ 15). Nowhere does it suggest, nor is it fair to assume, that it is overriding the Federal Rule of Civil Procedure 16(b)(4) standard. Plaintiff's reading makes no sense; why have a separate paragraph in the scheduling order setting a deadline for amending pleadings if the paragraph in the pretrial order rendered it nugatory?

Plaintiff argues in the alternative that Plaintiff does not have to plead willfulness to seek enhanced damages. Plaintiff further argues that it brought this motion out of an abundance of caution to streamline issues for trial, as contemplated by the Local Rules. (D.I. 254 at p. 1). This does not show that Plaintiff was diligent. Because diligence is inadequate, I do not find good cause. Plaintiff's motion is denied.

### C.    Plaintiff's Amended Motion to Dismiss and for Summary Judgment

Plaintiff moves for summary judgment on Defendant's Counterclaim II as it relates to Defendant's inventorship claim (D.I. 206 at p. 9 ¶ 19), Counterclaim III in full (inequitable conduct) (*Id.* at pp. 9–16), and on Defendant's "related defenses."[1] (D.I. 260 at p. 2). This opinion does not address inequitable conduct.

---

[1] Unifrax's "related defenses" are the following:

There are genuine disputes of material fact as to inventorship. For example, there is a genuine dispute of material fact as to whether Dr. Chu contributed to the conception of a laminate containing an adhesive layer with specific weight and activation temperatures. *(See, e.g.*, D.I. 265 at SOF 12–14). There is a genuine dispute of material fact as to the nature and extent of Dr. Chu's relationship with DuPont's named inventors. *(See, e.g., id.* at SOF 5–6, 8, 12, 14–17). There is a genuine dispute of material fact as to whether there is adequate corroboration of Dr. Chu's contribution. *(See, e.g., id.* at SOF 14). There is a genuine dispute of material fact as to the significance of Dr. Chu's contribution. *(See, e.g., id.* at SOF 8–17). Thus, summary judgment is denied as to Defendant's inventorship claim. Summary judgment is also denied as to Defendant's "related defenses" for the same reasons. Inequitable conduct will be decided after the jury trial.

## III. CONCLUSION

A separate order will be entered.

---

9. Unifrax states and avers that all claims of the '926 Patent are invalid for failure to meet one or more of the requirements of conditions for patentability under 35 U.S.C. §§ 102(f) and 116.

10. Unifrax states and avers that DuPont's claims are barred for failure to join an indispensable party because DuPont failed to join as Plaintiffs all true and correct inventors of the claims of the '926 Patent.

(D.I. 206 p. 4 ¶¶ 9–10).