IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. DUPONT DE NEMOURS AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNIFRAX I LLC,<br><br>Defendant. | Civil Action No. 14-1250-RGA |

## MEMORANDUM ORDER

This memorandum addresses Defendant Unifrax I LLC's Renewed Motions for Judgment as a Matter of Law ("JMOL") that the Asserted Patent Claims are not Infringed or Invalid and, in the Alternative, For a New Trial. (D.I. 366) I have reviewed the briefing for these motions. (D.I. 370; D.I. 375; D.I. 385).

## I. LEGAL STANDARD

### A. Judgment as a Matter of Law

Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party" on an issue. FED. R. CIV. P. 50(a)(1). "Entry of judgment as a matter of law is a 'sparingly' invoked remedy, granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (citation omitted).

In assessing the sufficiency of the evidence, the Court must give the nonmovant, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence

1

presented, resolve all conflicts in the evidence in his favor and, in general, view the record in the light most favorable to him." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991). The Court may "not determine the credibility of the witnesses [nor] substitute its choice for that of the jury between conflicting elements in the evidence." *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984). Rather, the Court must determine whether the evidence reasonably supports the jury's verdict. *See Gomez v. Allegheny Health Servs. Inc.*, 71 F.3d 1079, 1083 (3d Cir. 1995); 9B *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 2524 (3d ed. 2008) ("The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury might reasonably find a verdict for that party.").

Where the movant bears the burden of proof, the Third Circuit applies a stricter standard. *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1177 (3d Cir. 1976). To grant judgment as a matter of law in favor of a party that bears the burden of proof on an issue, the Court "must be able to say not only that there is sufficient evidence to support the [movant's proposed] finding, even though other evidence could support as well a contrary finding, but additionally that there is insufficient evidence for permitting any different finding." *Id.*

### B. New Trial

Federal Rule of Civil Procedure 59(a)(1)(A) provides, in pertinent part: "The court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Among the most common reasons for granting a new trial are: (1) the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) newly discovered evidence exists that would likely alter the outcome of the trial; (3) improper conduct by an attorney or the court unfairly influenced the verdict; or

2

(4) the jury's verdict was facially inconsistent. *See Zarow-Smith v. N.J. Transit Rail Operations, Inc.*, 953 F. Supp. 581, 584–85 (D.N.J. 1997).

The decision to grant or deny a new trial is committed to the sound discretion of the district court. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d 282, 289 (3d Cir. 1993). Although the standard for granting a new trial is less rigorous than the standard for granting judgment as a matter of law—in that the Court need not view the evidence in the light most favorable to the verdict winner—a new trial should only be granted where "a miscarriage of justice would result if the verdict were to stand" or where the verdict "cries out to be overturned" or "shocks [the] conscience." *Williamson*, 926 F.2d at 1352–53.

## II. DISCUSSION

### A. Judgment as a Matter of Law of Non-Infringement

Defendant argues that the accused product, 3G11, contains "carrier material" because (1) it includes polydimethylsiloxane ("PDMS"), an organic silicone-based polymer additive, or (2) the refractory layer of 3G11 has silane. Sufficient evidence supports a finding that the PDMS present in 3G11 is not a carrier. (*See, e.g.*, PTX-22; Tr. 1483:11–14, 1226:20–1227:1, 697:18–699:4, 1241:24–1242:15). Sufficient evidence supports a finding that silane is not a carrier. (*See, e.g.*, Tr. 633:12–634:20, 637:16–638:12; PTX-175).

Defendant makes the new claim construction argument that if a material serves more than one function, such as, as both a dispersant and a carrier, then that material would count towards the "100% by weight" limitation because it qualifies as a carrier. Defendant did not argue this specific issue in its claim construction briefing. (*See generally* D.I. 74). Defendant had numerous opportunities to raise this specific issue prior to trial, but Defendant did not do so. Indeed during summary judgment arguments, Defendant represented that "the correct claim

3

construction is the one the Court gave which is there cannot be resin or adhesive in the vermiculite." (D.I. 282, 26:10–17). I do not understand Defendant's citations at D.I. 370, page 34, footnote 17 to amount to an adequate request for additional claim construction of this issue. Defendant did not preserve this specific argument as a basis for JMOL at trial either. Thus, this argument is waived. *See, e.g., LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 551 (D. Del. 2011) ("A party dissatisfied with a jury verdict may not prevail on a post-verdict motion for JMOL based on grounds not raised in the pre-verdict motion for JMOL."); *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1107 (Fed. Cir. 2003) ("[I]t would be constitutionally impermissible for the district court to re-examine the jury's verdict and to enter JMOL on grounds not raised in the pre-verdict JMOL."). Even if it were not waived, I think Defendant's new construction is an overly broad interpretation of what counts towards the 100% by weight limitation. Defendant's new construction seems to contemplate that even *residual* dispersants could count towards this limitation. *See Kaneka Corp. v. Xiamen Kingdomway Grp. Co.*, 790 F.3d 1298, 1304 (Fed. Cir. 2015) ("A claim construction that excludes a preferred embodiment is 'rarely, if ever, correct.'"). For the reasons given in my Markman opinion, that cannot be the correct reading. (*See, e.g.*, D.I. 86 at p. 14 (noting that the specification provides that "[t]he refractory layer may comprise some residual dispersant arising from incomplete drying of the platelet dispersion during manufacture")).

Defendant also argues that the construction given for the "capable of activation" limitation is improper. For the reasons provided in my construction of this limitation, I disagree. (D.I. 294).

## B. Judgment as a Matter of Law of Invalidity

Defendant argues that no reasonable jury could find that FyreWrap Combi-Film 3G7 product does not anticipate the asserted claims. There is sufficient evidence to support a finding

4

that it does not anticipate. (*See, e.g.*, Tr. 230:20–231:1, 280:6–282:4, 276:5–12, 266:5–267:7, 267:19–268:3, 269:1–12, 349:11–352:5; 443:16–24, 440:24–442:5, 445:17–23, 448:12–21, 449:20–450:14, 459:22–460:2, 461:22–462:4, 468:5–9, 472:10–24, 481:14–482:8, 439:9–20, 476:16–477:20; PTX-46; PTX-54; PTX-74; PTX-75; PTX-125; PTX-148; PTX-161; PTX-163; PTX-169; PTX-59; PTX-143; DTX-100; DTX-115; PTX-126; PTX-127; PTX-132).

Defendant argues that no reasonable jury could find that the Mormont reference does not anticipate or render obvious the asserted claims. There is sufficient evidence to support a finding that it does not anticipate or render obvious the asserted claims. (*See, e.g.*, DTX-114 at ¶¶ 33, 74; Tr. 1218:13–18, 1480:17–21, 1480:24–1481:5, 1479:1–3, 1485:8–15; PTX-27).

## C. New Trial

A new trial is not warranted as an alternative to JMOL for the reasons discussed above. Defendant further argues that a new trial is warranted because of (1) some of DuPont's arguments to the jury, (2) the jury was not properly instructed on conception, and (3) the verdicts on infringement and validity are contradictory.

Defendant argues that Plaintiff made statements to the jury suggesting that carrier materials only include the examples listed in my construction of "100% by weight." (D.I. 370 at 33–34 (citing to Tr. 1839:4–15, 1756:9–11, 1757:2–5, 1757:20–21, 1762:9–13, 1840:22–1841:4)).

During the cross-examination of Dr. Nosker, Defendant objected, "Mr. Levine is suggesting to the jury that the construction of the claim is that only resins can be carriers when, in fact, it is the carrier such as a resin or adhesive. I'm just concerned that if he continues to suggest that, they're going to be confused." (Tr. 1208:2–9). I overruled that objection, stating that Mr. Levine "hasn't explicitly suggested that. You know, it seems like something you could bring up on redirect." (Tr. 1208:10–13).

5

Before I excused the jury to begin deliberations, Defendant further requested "a corrective instruction that carriers are not limited to the examples of resins, adhesives paper or cloth. I think that Mr. Levine implied strongly that it is a limiting construction and it's not." (Tr. 1848:10–15). I overruled that objection, stating, "I think the instruction that I've given that's in the book as to what it is is sufficient, so I'm not going to give that." (Tr. 1849:2–5).

There is no miscarriage of justice here. I do not think a jury was misled to believe that a carrier can only be resins or adhesives. Mr. Levine never argued that a carrier can only be resins or adhesives. Indeed, Mr. Levine made clear that resin and adhesives are merely examples of carriers. (Tr. 1839:10–19). My construction, which was provided to the jury, further served to mitigate juror confusion.

Defendant further argues that to the extent my construction did not exclude the presence of any material serving as a binder, such as an organosilicon additive, from the inorganic refractory layer, this was in error. I reject this argument for the reasons stated above. Defendant waived this new claim construction argument. Even if it the argument was preserved, it would be an improper construction. Again, Defendant's new construction seems to contemplate that even residual dispersants could count towards the "100% by weight" limitation.

Defendant argues that the jury was improperly instructed on conception because the instruction only referred to the requirement for conception of a "complete and operative invention" and "complete idea." I disagree. Defendant's alternative proposal that conception refers to an "appreciation for and possession of each and every claim limitation" is unnecessary and confusing.

///

6

Defendant argues that the verdicts are inconsistent. I disagree. There is sufficient evidence for the jury to find that there was a meaningful difference between DEHESIVE 480 and the silicone resin of Mormont.

## III. CONCLUSION

For the foregoing reasons, Defendant's renewed motions for judgment as a matter of law is **DENIED**. Defendant's request for a new trial is **DENIED**.

**IT IS SO ORDERED** this 12 day of September 2017.

_Richard G. Andrews_
United States District Judge